UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Thomas Lee Geddie, | ) C/A No. 9:12-828-TLW-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Lt. McMillian;<br>Head Nurse Rodriguez;<br>Southern Health Partners, | ) |
| Defendants. | ) |

Plaintiff is a pretrial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina, where he is awaiting trial on a charge of murder. Plaintiff has brought suit against a lieutenant at the Sumter-Lee Regional Detention Center, a nurse, and a contractor provider of health services. In the Complaint, Plaintiff complains about his custody level in the Sumter-Lee Regional Detention Center, and contends that, despite his murder charge, he should be housed in the general population, where restrictions on inmates are less onerous. Plaintiff expressly seeks $150,000 in damages and implicitly seeks a court order prohibiting retaliation against him.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v.*



*Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even when considered under this less stringent standard, however, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990).

        Plaintiff's complaint about his classification and custody level within the Sumter-Lee Regional Detention Center does not support a cognizable federal constitutional claim. *See Olim v. Wakinekona*, 461 U.S. 238, 244–46 (1983); and *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), *aff'd*, 887 F.2d 1080 (4th Cir. 1989)[Table]. The placement and assignment of inmates or detainees into particular institutions or units by state or federal corrections departments or detention centers are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 & n.1 (4th Cir. 1984) (collecting cases);[1] *cf. McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the

---

[1] Since Plaintiff is a pretrial detainee, his claims are evaluated under the Fourteenth Amendment, not the Eighth Amendment. *Cf. Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).



"decision where to house inmates is at the core of prison administrators' expertise"); *Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984) (finding no equal protection violation in protective segregation "where the differences in treatment among prisoners in protective segregation and in the general population ha[d] a substantial, rational basis in the legitimate state interest of prison security"); and *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471–72 (4th Cir. 1999) (placement in long-term segregation for valid prison security purpose does not violate equal protection or eighth amendment rights).

An on-line search of records at the Sumter County Clerk of Court website ((http://www.sumtercountysc.org/publicindex/PICaseDetails.aspx?County=43+&Casenum=M44 2214&CourtType=G&CaseType=Criminal&CourtAgency=43001&LastName=Geddie&FirstName=Thomas, last visited on April 2, 2012)[2] reveals that, in Case No. 2011-GS-43-0115, Plaintiff has been charged with murder. In light of the seriousness of Plaintiff's pending criminal charge, Plaintiff is not entitled to placement in the general population of the Sumter-Lee Regional Detention Center, and the Detention Center's failure to do so does not, by itself, give rise to a constitutional claim. *See Allgood v. Morris*, 724 F.2d at 1101.

Further, it is not clear how the Defendant Head Nurse Rodriguez and Defendant Southern Health Partners were involved in Plaintiff's placement and classification, which are the

---

[2]A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011). *See also In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631–33 & nn. 14–15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).



only allegations made in the "STATEMENT OF CLAIM" portion of the Complaint. The undersigned is mindful that the Court of Appeals discountenances *sua sponte* dismissals of named defendants *solely* because a plaintiff has not explicitly included their names in his or her allegations. *Brown v. N.C. Dep't of Corr.*, No. 08-8501, 360 Fed.Appx 494, 496, 2010 WL 76363 (4th Cir. 2010) (inference that an unnamed or undiscussed defendant is involved the wrongdoing that is alleged states viable claim against undiscussed defendant as well). Even so, since Plaintiff is not constitutionally entitled to be housed in the general population while he awaits trial on a charge of murder, Defendant Head Nurse Rodriguez and Defendant Southern Health Partners should be dismissed.

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202–204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

Plaintiff's attention is directed to the Notice on the next page.

April 12, 2012  Bristow Marchant
Charleston, South Carolina  United States Magistrate Judge



## Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

